[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING REGARDING JURY CLAIM
This case has been referred to me for the sole purpose of deciding whether the case should remain on the jury list. A hearing was held in September, 2000, and both sides submitted briefs and reply briefs.
A brief history of the matter may be instructive. The defendant in this action instituted dissolution proceedings against the plaintiff in this action in 1995 in case number FA 95 0551531. On the eve of the institution of the dissolution proceedings, on July 22, 1994, the parties executed a separation, or post-nuptial, agreement in Rhode Island. The agreement provided, inter alia, for the distribution of property. In a memorandum of decision filed on February 22, 1999, Judge Brennan granted the dissolution and provided for the distribution of property. He considered the separation agreement in a detailed manner and, finding the agreement fair and equitable, adopted some of its provisions and rejected others. He made orders accordingly.
Apparently not satisfied with the resolution of that case, the defendant in that case and plaintiff in this case instituted the present action. The complaint alleges that the parties entered into a contract on July 22, 1994, that the defendant breached the agreement by not following several of its provisions and claims money damages as a result. The complaint further alleges that prior to the marriage the plaintiff loaned the defendant a sum of money which has not been repaid, and claims damages. A number of motions have been filed in this case. I am not concerned directly with any of the matters raised except the claim for a jury trial.
The pleadings are not marked with precise adherence to the Practice Book. Nonetheless they can be summarized for our purposes very briefly. The complaint was filed on October 7, 1998. An answer and special defenses were flied on June 29, 1999. The plaintiff filed a reply to the special defenses on January 6, 2000, together with a trial claim and a claim to the jury list.
The defendant first claims that the case should be stricken from the jury list because it was not timely claimed. She refers to the first sentence of § 52-215 of the General Statutes, which provides that in some circumstances a jury claim is to be filed within thirty days of the return date. This argument overlooks following provisions in § 52-215
which state that "[w]hen in (cases appropriate by subject matter for jury trials) an issue of fact is joined, the case may, within ten days after CT Page 13173 such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk . . .
In the instant case issues of fact were joined when the reply to the defenses was filed, and the jury claim was made simultaneously. The claim was, then, made in a timely manner pursuant to § 52-215 of the General Statutes.
The issue of whether the subject matter of the case is appropriately resolved by a jury or by a court trial remains to be decided. Section52-215 states the general principle: trials by jury may be claimed in "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity. . . ." There is no right to a jury trial in an equitable action. . . . When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims." United States Trust Co. v. Bohart, 197 Conn. 34,44-45 (1985). The question, then, is whether the action is essentially legal or essentially equitable. Bohart, supra, Gaudio v. Gaudio,23 Conn. App. 287, 301-02 (1990). If the action is essentially equitable, there is no right to a jury trial. Gaudio v. Gaudio, supra. In order to determine whether the action is to be categorized essentially legal or essentially equitable, the pleadings are to be examined in their entirety. The relief sought is germane to the consideration but not necessarily dispositive. United States Trust Co. v. Bohart, supra.
Dissolution of marriage is essentially an equitable action, and the orders regarding alimony and equitable property distribution are considered incidental to the equitable nature of the proceeding. Gaudiov. Gaudio, supra, 302. Actions to recover damages for breach of contract are essentially legal. 669 Atlantic Street v. Atlantic-RocklandStamford, 43 Conn. App. 113, 129-131 (1996).
The complaint in this case, on the surface, obviously states an essentially legal cause of action, although it arises in a dissolution setting. The defenses claim, first, res judicata, because of the prior dissolution action and the post-judgment contempt orders entered in that action, second, the statute of frauds, and third, waiver.[1] Although the defenses certainly touch upon equitable considerations, they do not alter the essentially legal nature of the proceedings.
Two other considerations merit discussion. The temptation, of course, is to conclude that because this case obviously arises from a traditionally equitable area of the law, this ancillary contract action ought to be termed essentially equitable by association. I believe that cases such as Lasprogato v. Lasprogato, 127 Conn. 510 (1941), answer this CT Page 13174 concern. According to Losprogato, a separation agreement may be enforced by an action brought upon the contract itself and remedies are no different from those available for breach of any other contract; if the agreement is incorporated into a dissolution decree, the terms are enforceable by contempt proceedings. Id., 514. See also Grosso v.Grosso, 59 Conn. App. 628, 634 (2000), where the trial court had concluded that the separation agreement could be independently enforced and the issue was not properly presented for appellate consideration. And in MacFarlane v. MacFarlane, 178 Conn. 406 (1978), issues involving a separation agreement Were in fact tried to a jury, though the propriety of such was not considered on the appeal.[2]
Finally, the case of 669 Atlantic Street v. Atlantic-RocklandStamford, supra, is helpful by analogy. This case was brought as a foreclosure action, which is of course an equitable proceeding not triable to a jury. A counterclaim alleged breach of contract in several ways. The trial judge had stricken the case from the jury list on the ground, apparently, that as a foreclosure action the case was essentially equitable. The Appellate Court disagreed: it held that the counterclaim was to be considered independently, for the purpose of the jury claim question, and, because the issues raised in the counterclaim were essentially legal, the jury claim should not have been stricken. There is an analogy to the present case: although the context is overwhelmingly equitable, the specific issues raised are legal.
The case is not, then, stricken from the jury list. Again, I express no other opinions regarding the merits of the controversy.
Beach, J.